UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SPENCER NEAL, | ) | CASE NO.: _____ |
| Plaintiff, | ) ) | JUDGE: _____ |
| vs. | ) ) ) | **COMPLAINT** |
| J&M HOSPITALITY LLC, | ) ) ) | **1ST CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disability |
| Defendant. | ) ) ) ) | Act of 1990 ("Title III" and "ADA"), 42 U.S.C. §§ 12181 *et seq*. |
| | ) ) ) ) ) ) | **2ND CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of Ohio Revised Code 4112.02, *et seq*. |

Plaintiff SPENCER NEAL Complains of Defendant J&M HOSPITALITY LLC, and alleges as follows:

**INTRODUCTION:**

1. This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.;* Ohio Revised Code § 4112.02, *et seq*.; and Ohio Administrative Code § 4101:1-11, *et sec.*

2. Plaintiff SPENCER NEAL is a person with physical disabilities who, on or about

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1

July 9, 2022 through July 10, 2022, was an invitee, guest, patron, or customer at Defendant's property, which houses a SLEEP INN HOTEL, located at.5509 Milan Rd., Sandusky, OH 44870. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Ohio legal requirements, and NEAL suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3. **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Ohio law, whose goals are closely tied with the ADA, including but not limited to violations of Ohio Revised Code § 4112.02, *et seq*.; and Ohio Administrative Code § 4101:1-11, *et sec*.

4. **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Sandusky, County of Erie, State of Ohio and that plaintiffs' causes of action arose in this district.

**PARTIES:**

5. Plaintiff SPENCER NEAL is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2

NEAL is a "person with physical disabilities," as defined by all applicable Ohio and United States laws. NEAL requires the use of a wheelchair to travel about in public. Consequently, NEAL is a member of that portion of the public whose rights are protected by the provisions of Ohio Revised Code § 4112.02, *et seq.* and Ohio Administrative Code § 4101:1-11, *et sec.*

6. Defendant J&M HOSPITALITY LLC, an Ohio limited liability company, is the owner and/or operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by the SLEEP INN HOTEL, a public accommodation, located at/near 5509 Milan Rd., Sandusky, OH 44870, and subject to the requirements of Ohio state law requiring full and equal access to public facilities pursuant to Ohio Revised Code § 4112.02, *et seq.*, Ohio Administrative Code § 4101:1-11, *et sec.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7. At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject SLEEP INN HOTEL as a public facility at/near 5509 Milan Rd., Sandusky, OH 44870. The business, the SLEEP INN HOTEL, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of Ohio Revised Code § 4112.02, *et seq.* and Ohio Administrative Code § 4101:1-11, *et sec.*

8. At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near5509 Milan Rd., Sandusky, OH 44870. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

**§ 36.201** General

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9. Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein are a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other Defendant, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other Defendant, and is responsible in some manner for the acts and omissions of the other Defendant in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, the SLEEP INN HOTEL, located at 5509 Milan Rd., Sandusky, OH 44870. The SLEEP INN HOTEL and each of its facilities are places "of public accommodation"

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4

subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq*.; and Ohio Administrative Code § 4101:1-11, *et sec.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the SLEEP INN HOTEL to handicapped access requirements.

11. Plaintiff SPENCER NEAL is a person with a disability. NEAL is a "physically disabled person," as defined by all applicable Ohio and United States laws. NEAL is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the SLEEP INN HOTEL as being handicapped accessible and handicapped usable.

13. On or about July 9, 2022 through July 10, 2022, NEAL was an invitee and guest at the subject SLEEP INN HOTEL, arriving for purposes of obtaining lodging.

14. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, NEAL personally encountered architectural barriers which denied him the full and equal access to the property.

15. Therefore, at said time and place, NEAL, who is a person with disabilities, encountered the following inaccessible elements of the subject SLEEP INN HOTEL which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, the following barriers to access were personally encountered by NEAL within the facility's (1) parking, (2) passenger loading zone, (3) lobby entrance, (4) breakfast area, (5) guest room 130, (6) men's public restroom, (7) business center,

(8) laundry room, (9) pool area, as well as, (10) upon information and belief, the other accessible guest rooms.

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

16. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("title III" and "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.* either then, now or in the future.

17. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiffs suffered damages as alleged herein.

18. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, NEAL was denied his civil rights to full and equal access to public facilities. NEAL suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal injury, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

19. On information and belief, construction alterations carried out by Defendant has triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6

"ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

20. NEAL, as described herein below, seeks injunctive relief to require the SLEEP INN HOTEL to be made accessible to meet the requirements of both Ohio law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases the SLEEP INN HOTEL as a public facility. Plaintiff seeks damages for violation of his civil rights, from the date of his visit until such date as Defendant bring the establishment into full compliance with the requirements of Ohio and federal law.

21. On information and belief, Defendant have been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

22. Because of Defendant's violations, NEAL and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the SLEEP INN HOTEL accessible to persons with disabilities.

23. On information and belief, Defendant have undertaken to modify and alter existing building(s), and has failed to make them comply with accessibility requirements. The acts and omissions of Defendant in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice towards plaintiff, and despicable conduct carried out by Defendant with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify punitive damages

pursuant to Ohio Revised Code § 2315.21, in amounts sufficient to make a more profound example of Defendant to other operators of other establishment and other public facilities, and to punish Defendant and to carry out the purposes of § 2315.21.

24. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the SLEEP INN HOTEL and were denied full and equal use of said public facility. Further, on information and belief, Defendant have continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Ohio.

25. On information and belief, the subject public facility of the SLEEP INN denied full and equal access to plaintiff and other persons with physical disabilities in other respects due to noncompliance with requirements of Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

26. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the SLEEP INN HOTEL was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8

Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, Defendant knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the establishment. Said Defendant have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of punitive damages pursuant to Ohio law.

27. As Plaintiff frequently travels to the Sandusky, Ohio area, Plaintiff will return to the subject SLEEP INN hotel to patronize the hotel, if the hotel is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

29. Should the SLEEP INN hotel become accessible, NEAL will visit it again because it is conveniently located to areas and attractions which NEAL frequents.

30. Furthermore, plaintiff intends to return to the SLEEP INN HOTEL as an ADA

tester on an annual basis beginning in 2023, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

I. **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

31. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 30 of this complaint.

32. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

33. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10

34. As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;

42 U.S.C. §12181(7)(A).

35. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

36. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii) a failure to take such steps as may be necessary to

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 11

>ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;
>
>(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and
>
>(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.;* Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code § 4101:1-11, *et sec.*, making available damage remedies.

37. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject SLEEP INN hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

38. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities

involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant have failed to make the required services available through alternative methods which were readily achievable.

39. On information and belief, construction work on, and modifications of, the subject SLEEP INN hotel occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA. Upon information and belief, the SLEEP INN HOTEL was built in or around 1996, making compliance with the Americans with Disability Act Standards mandatory.

40. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq*., §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

41. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about July 9, 2022 through July 10, 2022, but alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 13

accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

42. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

43. Plaintiff seeks damages pursuant to Ohio Revised Code § 4112.02, *et seq.* and Ohio Administrative Code § 4101:1-11, *et sec.*, which provide, within the statutory scheme, that a violation of the ADA and/or Ohio's accessibility standards is a violation of Ohio law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq*.**

44. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 43 of this complaint.

45. At all times relevant to this action, Ohio Revised Code § 4112.0254 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> It shall be an unlawful discriminatory practice:
>
> (G)    For any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, military status, national origin, disability, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation.

46. SLEEP INN hotel is a "place of public accommodation" pursuant to Ohio Revised Code § 4112.01(A)(9).

47. Defendant committed an unlawful act pursuant to Ohio Revised Code §4112.02(G) by denying plaintiff the full enjoyment of its accommodations, advantages, facilities, or privileges, whereas, plaintiff had great difficulty due to extensive barriers for patrons confined to wheelchairs.

48. Pursuant to Ohio Revised Code § 4112.99, plaintiff is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

49. A separate act in violation of Ohio Revised Code § 4112.02(G) has been committed each day that Defendant act or fail to act and/or knowingly and willfully fails and refuse to remove each architectural barrier or policy and procedure barrier presently existing at the subject public accommodation which denies full and equal access for persons with physical disabilities to said building(s), elements and facilities of SLEEP INN hotel. Plaintiff has been denied full and equal access on an ongoing basis since the date of his first visit. As a legal result, plaintiff is entitled to seek appropriate relief, such as damages, pursuant to Ohio Revised Code § 4112.99.

50. On or about July 9, 2022 through July 10, 2022, plaintiff suffered violations of Ohio Revised Code §4112.02(G) in that he was denied access to the facilities as stated herein at SLEEP INN hotel and on the basis that he was a person with physical disabilities.

51. As a result of the denial of equal access to Defendant's facility due to the acts and omissions of Defendant in owning, operating and maintaining the subject public facility,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 15

plaintiff suffered violations of his civil rights, as well as suffering from personal physical injury, shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

52. Plaintiff has been damaged by Defendant's wrongful conduct and seeks the relief that is afforded by Ohio Revised Code § 4112 for violation of his rights, including statutory damages according to proof.

53. As a result of Defendant's acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce his rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Ohio Revised Code § 4112, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**O.R.C. 4112.16 NOTICE OF VIOLATION OF ACCESSIBILITY LAW**

54. Pursuant to O.R.C. 4112.16 Notice of Violation of Accessibility Law, prior to filing a civil action alleging violation of State of Ohio accessibility law, the alleged aggrieved party *may* notify the owner, agent, or other responsible party, by personal service or by certified mail, of alleged accessibility law violations.

55. On August 24, 2022, NEAL served upon Defendant's statutory agent a Notice of Violation of Accessibility Law pursuant to O.R.C. 4112.16.

56. Defendant's statutory response deadline in which to serve NEAL with its response was September 15, 2022.

57. Defendant failed to serve a compliant response upon NEAL or his counsel within 15 days of receiving the O.R.C. 4112.16 Notice.

58. As a result of failing to respond to NEAL's Notice, NEAL may commence his lawsuit for violations of State of Ohio accessibility laws.

59. Due to Defendant's failure to respond in accordance with the statute, NEAL, if deemed the prevailing party, shall recover reasonable attorney's fees, in addition to any other remedies available to the plaintiff.

Wherefore, Plaintiff SPENCER NEAL prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff SPENCER NEAL prays that this court grant relief and damages as follows:

**I.  PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1. For injunctive relief, compelling Defendant to make its SLEEP INN hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2. For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

**II.  PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq.***

4.  For injunctive relief, compelling Defendant to make its SLEEP INN hotel, readily accessible to and usable by individuals with disabilities, per state law.

5.  General and compensatory damages according to proof;

6.  All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

7.  Attorneys' fees pursuant to Ohio Revised Code § 4112.99, if plaintiff is deemed the prevailing party;

8.  Punitive damages, pursuant to Ohio Revised Code § 2315.21;

9.  For all costs of suit;

10. Prejudgment interest pursuant to Ohio Revised Code 1343.03(A);

11. Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Franklin Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com
cg@bmblaw.com

Attorney for Plaintiff SPENCER NEAL